NOT FOR PUBLICATION

FILED



SEP 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WESTERN LANDS PROJECT;
DESERT PROTECTIVE COUNCIL;
WESTERN WATERSHEDS
PROJECT,

Plaintiffs-Appellants,

v.

UNITED STATES BUREAU OF LAND
MANAGEMENT; KEN SALAZAR,
Secretary of the Interior; SALLY
JEWELL,

Defendants-Appellees.

No.    14-56386

D.C. No.
3:13-cv-00339-JM-JMA

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before: **KOZINSKI** and **BYBEE**, Circuit Judges, and **WALTER**,** Senior
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Donald E. Walter, United States Senior District Judge
for the Western District of Louisiana, sitting by designation.

Environmental Impact Statements must "inform decisionmakers and the public of the reasonable alternatives which would avoid or minimize adverse impacts or enhance the quality of the human environment." 40 C.F.R. § 1502.1. When agencies produce such statements they must consider "every reasonable alternative," not "every possible alternative." Citizens for a Better Henderson v. Hodel, 768 F.2d 1051, 1057 (9th Cir. 1985) (emphasis added).

The Bureau of Land Management (BLM) did not unlawfully fail to consider a stand-alone alternative plan relying on "degraded" lands in its Programmatic Environmental Impact Statement and Record of Decision. "The stated goal of a project necessarily dictates the range of 'reasonable' alternatives" that an agency must consider. City of Carmel-By-The-Sea v. U.S. Dep't of Transp., 123 F.3d 1142, 1155 (9th Cir. 1997); see also 40 C.F.R. § 1502.13. BLM's goal was to develop a utility-scale solar energy plan that is flexible, efficient and able to meet projected demand. In selecting land for the program at this early stage, the agency chose to balance a variety of considerations—the size of the plots, the available transmission capacity—rather than develop a complete alternative plan focused solely or predominantly on whether the land is degraded. In addition, BLM's impact statement discussed why a degraded land alternative was not developed more exhaustively, and the bureau's chosen plan does in fact favor the use of

degraded land for specific projects.  Western Lands isn't entitled to consideration of its preferred plan "in the form of a full-blown alternative."  <u>Idaho Conservation League</u> v. <u>Mumma</u>, 956 F.2d 1508, 1522 (9th Cir. 1992).  The bureau's consideration of the alternatives was not arbitrary, capricious, an abuse of discretion or otherwise contrary to law.   <u>See</u> 5 U.S.C. § 706(2)(A).

**AFFIRMED.**